IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 10-556 |
| | : | |
| JULIO COLON | : | |

**MEMORANDUM**

**Padova, J.**  April 7, 2011

Defendant Julio Colon has been charged with conspiracy to distribute marijuana for remuneration, in violation of 21 U.S.C. § 846; possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Presently before the Court is Colon's Motion to Suppress physical evidence discovered during a search of 3462 N. Water Street, in Philadelphia.[1] For the reasons that follow, we deny the Motion.

**I.     FACTUAL BACKGROUND**

The affidavit of probable cause that gave rise to the search warrant for 3462 N. Water Street states that during the month of June, the same month the warrant was issued, Philadelphia Police Officer Clark received "detailed and specific information" from "reliable Federal Informants" concerning "drug sales in the 3400 block of Water St." (Gov't Ex. 1 at 2.) Specifically, the informants stated that Colon was the owner and controller of a drug operation on the block, that Colon kept several firearms inside his property for the protection of his drug operation, and that

---

[1] Colon also moved to suppress physical evidence discovered during a subsequent search of 3348 N. Water Street. At a hearing on April 4, 2011, the Government represented, on the record, that it would not seek to introduce any evidence recovered during the search of 3348 N. Water Street. On the basis of that representation, we dismiss the Motion without prejudice insofar as it seeks to suppress such evidence.

Angel Feliciano, who along with his brother Anthony worked for Colon, was known to carry a firearm and was recently seen in possession of a handgun. (Id.) The affidavit further states that, on June 23, 2010, Philadelphia Police Officer Myers set up surveillance on the block and observed Anthony Feliciano engaged in what appeared to be hand-to-hand transactions. (Id.) Specifically, Officer Myers observed Anthony Feliciano accept money for small objects from his pants pocket. (Id.) In the course of about one hour, Officer Myers observed five to eight transactions. (Id.) After each transaction, Anthony Feliciano handed the money over to Angel Feliciano, who entered another property on the block for one to two minutes. (Id.) At one point during the surveillance, Colon arrived on the block and the Feliciano brothers approached him and engaged in conversation with him for several minutes. (Id.) During the conversation, two people separately approached the group, and, each time, Anthony Feliciano stepped away from the group and engaged in a hand-to-hand transaction. (Id.) At the end of the conversation, Angel Feliciano handed Colon a large amount of money. (Id.) Then, Colon used a key that was around his neck to open the door to 3462 Water Street, went inside, and remained inside for approximately 45 minutes. (Id.) As surveillance continued, Philadelphia Police Officers stopped and searched one individual after he had engaged in a hand-to-hand transaction with Anthony Feliciano, and officers discovered two bags of marijuana on his person. (Id.)

Based upon the above information in the affidavit, Officer Myers obtained a search warrant for 3462 N. Water Street. Officers executed the warrant on June 24, 2010, and found 50 one-pound bags of marijuana in the living room, two firearms in the sofa in the living room, a firearm in the second-floor front bedroom, photos of Colon, and an indicia of ownership for 3462 N. Water Street in Colon's name. (Def. Mot. at 1.)

2

## II. LEGAL STANDARD

The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. "Ordinarily, 'for a seizure to be reasonable under the Fourth Amendment, it must be effectuated with a warrant based on probable cause.'" United States v. Johnson, 592 F.3d 442, 447 (3d Cir. 2010) (quoting United States v. Robertson, 305 F.3d 164, 167 (3d Cir. 2002)). An issuing authority may find probable cause for the issuance of a search warrant if, considering the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

The issuing authority's determination that probable cause existed is to be afforded "great deference." Id. at 236 (quotation omitted); see also United States v. Conley, 4 F.3d 1200, 1205-06 (3d Cir. 1993). Accordingly, "[a] reviewing court must determine only that the [issuing authority] had a 'substantial basis' for concluding that probable cause existed to uphold the warrant." United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000) (quoting Gates, 462 U.S. at 238). In making this determination, the reviewing court may consider only "the facts that were before the [issuing authority], *i.e.*, the affidavit, and [may] not consider information from other portions of the record." United States v. Jones, 994 F.2d 1051, 1055 (3d Cir. 1993). The affidavit "must be read in its entirety and in a common sense and nontechnical manner." United States v. Williams, 124 F.3d 411, 420 (3d Cir. 1997) (citing Conley, 4 F.3d at 1206). Meanwhile, "the resolution of doubtful or marginal cases . . . should be largely determined by the preference to be accorded to warrants." United States v. Ventresca, 380 U.S. 102, 109 (1965) (citing Jones v. United States, 362 U.S. 257, 270 (1960)). The defendant bears the burden of establishing that his Fourth Amendment rights were violated. United States v. Acosta, 965 F.2d 1248, 1257 n.9 (3d Cir. 1992) (citation omitted).

## III. DISCUSSION

Colon seeks to suppress the physical evidence discovered during the search of 3462 N. Water Street on the ground that the affidavit submitted in connection with the application for a search warrant did not provide sufficient evidence to establish probable cause. Colon argues that the affidavit fails to establish probable cause for several reasons. First, Colon contends that, far from being "detailed and specific," the informant's statement that Colon owned and controlled a drug operation on the 3400 block of N. Water Street did not identify any houses as being part of the operation, did not assert that guns or drugs could be found inside any house on the block, and did not specify the type or types of drugs that were being sold. Second, Colon suggests that because the informants' statements did not include a time frame they might have been "stale." Third, Colon argues that the informants' statements were unreliable because they were conclusory and did not set forth facts to support the conclusion. Fourth, Colon points out that neither the informants nor the surveilling officers reported observing any drug transaction or drug activity inside the house. During the hearing held on April 4, 2011, defense counsel emphasized that the affidavit mentioned 3462 N. Water Street only once, and argued that, while officers may have had probable cause to stop and arrest Colon, they did not have probable cause to enter the house. We disagree.

Reading the affidavit in its entirety and in a commonsense and nontechnical manner, we conclude that the affidavit provided a substantial basis for the issuance of a search warrant. As to Colon's arguments that the informants' statements were unreliable, we note first that the affidavit states that the informants had "in the past provided information that lead [sic] to the seizure of large amounts of narcotics, firearms and arrests for violent crimes." (Gov't Ex. 1 at 2.) The United States Court of Appeals for the Third Circuit has long recognized that "'a prior history of tips that result

in arrests and in the securing of information and evidence can provide a sufficient basis for concluding that the information is reliable.'" United States v. Woods, 254 F. App'x 889, 891 n.1 (3d Cir. 2007) (quoting United States v. Marino, 682 F.2d 449, 453 (3d Cir. 1982)); see also Gates, 462 U.S. at 233 ("If, for example, a particular informant is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable based on his tip." (citation omitted)). Furthermore, Officer Myers' surveillance provided considerable circumstantial evidence to corroborate the informants' statements that Colon was the owner and controller of a drug operation in the 3400 block of N. Water Street and that he employed the Feliciano brothers in connection with that operation. As set out above, Officer Myers observed the Feliciano brothers engage in five to eight hand-to-hand transactions in approximately one hour. When Colon arrived on the block, both brothers approached him and spoke with him for several minutes. During the conversation, Anthony Feliciano engaged in two additional hand-to-hand transactions. Then, Colon accepted a large amount of money from Angel Feliciano. We find that these observations corroborate the informants' statements, and we conclude that they further establish the informants' reliability. See United States v. Stearn, 597 F.3d 540, 555 (3d Cir. 2010) (stating that "'[police] corroboration of details of an informant's tip' [is] an important method for establishing a tip's reliability" (first alteration in original) (citing Gates, 462 U.S. at 241)); Johnson, 592 F.3d at 450 ("The reliability of an informant's tip can be enhanced further by independent police corroboration of the information provided." (citing Alabama v. White, 496 U.S. 325, 329-31 (1990)); see also Williams, 124 F.3d at 421 (noting that surveillance indicating that "suspected criminal activity continued up through the last weeks before the search strongly suggests that the information

5

in the affidavit was not stale" even though the informant's statements did not include any time frame). Accordingly, we conclude that the informants' statements were reliable, and we reject Colon's arguments to the contrary.

We also reject Colon's argument that, because the informants did not mention 3462 N. Water Street specifically and because Officer Myers did not observe any drug activity inside the house, the affidavit did not provide a substantial basis for a finding of probable cause with respect to the house. The reliable informants stated that Colon stored "several firearms inside of his property . . . for protection of his drug organization," and Officer Myers observed Colon use a key around his neck to enter 3462 N. Water Street. (Gov't Ex. 1 at 2.) The Third Circuit has consistently held that it may readily be inferred that drug dealers conceal evidence in residences to which they have access:

> [E]vidence associated with drug dealing needs to be stored somewhere, and . . . a dealer will have the opportunity to conceal it in his home. After all, a dealer logically could conclude that his residence is the best, and probably the only, location to store items such as records of illicit activity, phone books, address books, large amounts of cash, assets purchased with proceeds of drug transactions, guns to protect drugs and cash, and large quantities of drugs to be sold.

Whitner, 219 F.3d at 298 (3d Cir. 2000); see also United States v. Smith, 352 F. App'x 709, 712 (3d Cir. 2009) ("We have recognized that '[i]f there is probable cause to believe that someone committed a crime, then the likelihood that that person's residence contains evidence of the crime increases,' and that, with regard to drug crimes in particular, 'evidence . . . is likely to be found where the [drug] dealers reside.'" (alterations in original) (quoting United States v. Burton, 288 F.3d 91, 103 (3d Cir. 2002))). It is well-established that the sort of direct evidence upon which Colon insists is not necessary. See Jones, 994 F.2d at 1057 ("While ideally every affidavit would contain direct evidence

6

linking the place to be searched to the crime, it is well established that direct evidence is not required for the issuance of a search warrant."); see also Williams, 124 F.3d at 420 ("'[P]robable cause can be, and often is, inferred by considering the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide [the] property.'" (second alteration in original) (citing and quoting Conley, 4 F.3d 1200, 1207 (3d Cir. 1993))). We conclude that the affidavit provided a substantial basis for a finding of probable cause with respect to 3462 N. Water Street.

## IV. CONCLUSION

For the reasons stated above, we conclude that the affidavit of probable cause submitted in connection with the application for a search warrant for 3462 N. Water Street provided a substantial basis for the issuing authority's conclusion that probable cause existed. Therefore, we deny Colon's Motion to Suppress the evidence discovered during the search of 3462 N. Water Street.

An appropriate Order follows.

BY THE COURT:

_____
John R. Padova, J.