IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 10-556 |
| | : | |
| v. | : | |
| | : | |
| JULIO COLON | : | CIVIL ACTION NO.  15-57 |
| | : | |

## MEMORANDUM

**Padova, J.**                                                                  **February 18, 2016**

Pro se prisoner Julio Colon filed a "Motion to Re-open and Amend Timely Filed 2255 Motion Pursuant to [Federal Rule of Civil Procedure] 60(b)(1) and Rule 15(c)(2) Relation Back Doctrine" ("Rule 60(b) Motion"), as well as a "Motion to Amend 28 U.S.C. 2255 Pursuant to [Federal Rule of Civil Procedure] 15(c)(2) Relation Back Principle" ("Motion to Amend").  In response, the Government filed a "Motion to Dismiss Without Prejudice the Defendant's Second Petition Under 28 U.S.C. § 2255" seeking dismissal of both of Colon's Motions.  For the following reasons, we grant the Government's Motion in part and deny it in part, dismiss Colon's Rule 60(b) Motion in part and deny it in part, and dismiss Colon's Motion to Amend.

## I.     BACKGROUND

On October 25, 2011, a jury convicted Julio Colon of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846 (Count One); possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Four).  Colon was sentenced to 250 months of imprisonment: 190 months' imprisonment on Count Four; 60 months' imprisonment on each of Counts One and Two, to be

served concurrently with Colon's sentence on Count Four; and a consecutive term of imprisonment of 60 months on Count Three. Colon was also sentenced to five years of supervised release, a special assessment of $400, and a $2,500 fine.

Colon appealed to the United States Court of Appeals for the Third Circuit, where he raised five arguments: (1) the district court erred in denying his motion to suppress evidence seized from the search of a house; (2) there was insufficient evidence to sustain his conviction; (3) he was deprived of his right to a public trial because his family was excluded from part of the jury selection process; (4) the district court "erred in counting his four prior drug convictions as separate offenses" under the Sentencing Guidelines given that "the four offenses were consolidated for the entry of pleas and for sentencing"; and (5) "his two-level leadership enhancement was unwarranted because the evidence did not show that he participated in any drug-for-money transactions." United States v. Colon, 532 F. App'x 241, 243-46 (3d Cir. 2013). The Third Circuit affirmed his conviction and sentence on July 24, 2013. Id. at 247. Colon filed a petition for a writ of certiorari, which the United States Supreme Court denied on March 24, 2014. Colon v. United States, 134 S. Ct. 1568 (2014).

On January 5, 2015, Colon filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In his § 2255 Motion, Colon raised two grounds for relief: "(1) trial and appellate counsel were ineffective for failing to argue that the Court erred by sentencing Colon as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and by applying the career offender sentencing guideline pursuant to § 4B1.1 of the United States Sentencing Guidelines;" and "(2) trial counsel was ineffective for failing to object to the Court's imposition of separate $100.00 special assessments for each of the three convictions for which it imposed concurrent prison sentences." United States v. Colon, Crim. A.

No. 10-556, Civ. A. No. 15-57, 2015 U.S. Dist. LEXIS 88168, at *3 (E.D. Pa. July 7, 2015).  We denied Colon's § 2255 Motion, concluding that Colon's counsel could not have made a meritorious argument that Colon should not have been sentenced as a career offender under the Sentencing Guidelines or as an armed career criminal under the ACCA.  Id. at *12-13.  As we explained, because Colon had four previous felony drug convictions punishable by up to either ten or fifteen years' imprisonment and was over the age of eighteen when he committed the relevant federal felony offenses, he clearly qualified for both enhancements.  Id.  We also denied Colon's special assessment claim, concluding that Colon's counsel could not have made a meritorious objection to the imposition of three separate $100 special assessments because 18 U.S.C. § 2013 explicitly requires the sentencing court to impose a special assessment of $100 for each count of conviction.  Id. at *15-16.

Colon filed the instant Motions on September 8, 2015.  In his Rule 60(b) Motion, Colon seeks to reopen his § 2255 Motion, arguing that he did not have the assistance of counsel in connection with that Motion and thus mistakenly failed to assert all grounds upon which he sought relief.  In his Motion to Amend, Colon seeks leave to amend his § 2255 Motion to add a claim that his trial and appellate counsel were ineffective for failing to argue that his felony drug convictions did not qualify him as an armed career criminal under the ACCA or as a career offender under the Sentencing Guidelines.  The Government filed a Motion to Dismiss arguing that Colon's Motions should be dismissed as second or successive petitions for which Colon has not received the required leave from the Third Circuit.

## II.    RULE 60(b) MOTION

Colon asks to reopen his § 2255 Motion pursuant to Rule 60(b) so that he can then amend his § 2255 Motion to add an additional claim of ineffective assistance of counsel.  He claims that

he mistakenly failed to raise all of his claims of ineffective assistance of counsel in his § 2255 Motion because he was proceeding pro se and was ill-equipped to handle his own habeas motion. In addition, Colon suggests that his § 2255 proceeding was unfair because he was not represented by counsel.

A.   <u>Legal Standard</u>

Rule 60(b) provides, in pertinent part, that relief from a judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." <u>Boughner v. Sec'y of Health, Educ. & Welfare</u>, 572 F.2d 976, 977 (3d Cir. 1978) (citation omitted).  "[R]elief from a judgment under Rule 60 should be granted only in exceptional circumstances."  <u>Id.</u> (citation omitted).  Thus, "a Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion."  <u>Smith v. Evans</u>, 853 F.2d 155, 158 (3d Cir. 1988) (citations omitted), <u>overruled on other grounds by</u> <u>Lizardo v. United States</u>, 619 F.3d 273, 276-77 (3d Cir. 2010).

B.   <u>Discussion</u>

1.   <u>Rule 60(b)(1)</u>

Colon contends that we should reopen his § 2255 Motion to permit him to assert his additional ineffectiveness claim because he did not realize that he was required to bring all his

arguments for post-conviction relief at one time.  We read this aspect of Colon's Motion to seek relief from judgment pursuant to Rule 60(b)(1), which permits the reopening of a motion based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "Relief under Fed. R. Civ. P. 60(b)(1) is equitable" and, thus, requires the court "to weigh the totality of the circumstances."  Anthony v. Small Tube Mfg. Corp., 484 F. App'x 704, 709 (3d Cir. 2012) (citing Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007)).

The Government moves to dismiss the Rule 60(b) Motion pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), arguing that it is a second or successive motion pursuant to 28 U.S.C. § 2255 for which Colon did not seek prior approval from the Third Circuit. The AEDPA imposes rules "'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction.'"  Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011) (quoting Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir. 2009)).  Pursuant to the AEDPA, a district court may not consider a second or successive § 2255 motion unless the movant first obtains certification from a panel of the appropriate court of appeals, as provided in 28 U.S.C. § 2244(b)(3).[1]  See 28 U.S.C. § 2255(h).  A movant's "failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.'"  Blystone, 664 F.3d at 412 (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

In Gonzalez v. Crosby, 545 U.S. 524 (2005), "the Supreme Court addressed the question of when a federal court should construe a petitioner's motion for relief from judgment pursuant to Rule 60(b) as a second or successive petition subject to the restrictions of AEDPA."  Blystone,

---

[1] Title 28, United States Code, § 2244 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

664 F.3d at 412 (citing <u>Gonzalez</u>, 545 U.S. at 526). The Supreme Court determined that, if a motion brought pursuant to Rule 60(b) attacks "'the substance of the federal court's resolution of a claim on the merits'" rather than identifying "'some defect in the integrity of the federal habeas proceedings,'" the motion should be considered a second or successive habeas motion that is subject to the gatekeeping provisions of § 2244. <u>Id.</u> (quoting <u>Gonzalez</u>, 545 U.S. at 532). Under this standard, both a "'motion that seeks to add a new ground for relief'" and "a motion that 'attacks the federal court's previous resolution of a claim <u>on the merits</u>'" constitute second or successive habeas motions. <u>Id.</u> (quoting <u>Gonzales</u>, 545 U.S. at 532). Moreover, "[u]sing Rule 60(b) to present new claims for relief from a . . . judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." <u>Gonzalez</u>, 545 U.S. at 531 (citing 28 U.S.C. § 2244(b)(2)).

Here, Colon seeks to reopen his habeas proceedings pursuant to Rule 60(b)(1) for the sole purpose of amending his § 2255 Motion to argue that his prior state convictions did not include the necessary information to allow the Court to sentence him as an armed career criminal or career offender. Consequently, even though Colon argues that we should reopen his § 2255 Motion because of a defect in the integrity of the proceedings, he only wants to reopen his § 2255 Motion in order to assert new claims attacking his judgment of conviction. In other words, Colon is "taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition," and thus "[i]t makes no difference that the motion itself does not attack the district court's substantive analysis . . . but, instead, purports to raise a defect in the integrity of the habeas proceedings . . . ." <u>Post v. Bradshaw</u>, 422 F.3d 419, 424-25 (6th Cir. 2005) (cited with approval in <u>Blystone</u>, 664 F.3d at 413). We therefore consider the Rule 60(b)(1) portion of

Colon's Rule 60(b) Motion to be a habeas motion subject to the AEDPA because it is, "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute."[2] <u>Gonzalez</u>, 545 U.S at 531 (citing 28 U.S.C. § 2254 Rule 11).  As Colon already filed a § 2255 Motion, this portion of Colon's Rule 60(b) Motion is a second or successive § 2255 Motion and is barred by the AEDPA.  Therefore, we grant the Government's Motion to Dismiss as to this portion of Colon's Rule 60(b) Motion, as Colon did not seek or obtain leave from the Third Circuit prior to filing the instant Motion.

### 2.   Rule 60(b)(6)

Colon also appears to argue that we should reopen his § 2255 Motion because he was not represented by counsel in his habeas proceeding, and thus, the proceeding was unfair.  Colon relies on <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), in which the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Id.</u> at 1315.  We analyze this argument as a request for relief from judgment pursuant to Rule 60(b)(6), a catch-all provision that allows a motion to be reopened for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

This claim, unlike the Rule 60(b)(1) claim, genuinely alleges a "'defect in the integrity of the federal habeas proceedings,'" and, thus, it escapes the AEDPA's bar on second or successive

---

[2] Even if we were to liberally construe Colon's Motion as a Rule 59(e) motion to alter or amend a judgment, which would avoid the AEDPA bar, Colon would not be entitled to reopen his habeas proceedings.  <u>See</u> <u>Blystone</u>, 664 F.3d at 415 (explaining that "a Rule 59(e) is part of the one full opportunity for collateral review that AEDPA ensures").  A Rule 59(e) motion must be filed within twenty-eight days of the entry of judgment, Fed. R. Civ. P. 59(e), and Colon filed the instant Motion almost two months after entry of judgment on his § 2255 Motion.  Therefore, even if we were to construe the Rule 60(b) Motion to be a Rule 59(e) motion, we would have to dismiss it as untimely.

habeas motions.  <u>Blystone</u>, 664 F.3d at 412 (quoting <u>Gonzalez</u>, 545 U.S. at 532).  However, "Rule 60(b)(6) relief from judgment is only granted in extraordinary circumstances." <u>Jackson v. Danberg</u>, 656 F.3d 157, 165 (3d Cir. 2011) (citing <u>Martinez-McBean v. Gov't of Virgin Islands</u>, 562 F.2d 908, 911-12 (3d Cir. 1977)).  The Supreme Court has further observed that extraordinary circumstances warranting relief pursuant to Rule 60(b)(6) "will rarely occur in the habeas context." <u>Gonzalez</u>, 545 U.S. at 535.

Colon argues that he was unable to "develop adequate claims based upon the errors made at trial and sentencing by counsel" because he did not have the assistance of counsel in connection with his § 2255 Motion.  (Rule 60(b) Motion at 4.)  He maintains that, unless we reopen that Motion, he will be "forever barred" from asserting those claims due to the "limitations placed on second or successive 2255 motion[s] by the [AEDPA]."  (<u>Id.</u> (second alteration in original).)  Thus, he argues that these claims will not be fairly adjudicated unless we grant the instant motion.

In arguing that his habeas proceedings were unfair because he did not have the assistance of appointed counsel, we consider Colon to be asserting that he was denied either his Sixth Amendment right to counsel or a statutory right to counsel.  The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The purpose of the right to counsel is to guarantee assistance "when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor." <u>United States v. Ash</u>, 413 U.S. 300, 309 (1973).  However, there is no "constitutional right to counsel in federal habeas corpus." <u>McClesky v. Zant</u>, 499 U.S. 467, 495 (1991) (citing <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987)); <u>see also</u> <u>Finley</u>, 481 U.S. at 555 ("[T]he right to appointed counsel extends to the first

appeal of right, and no further."); and Gov't of Virgin Islands v. Warner, 48 F.3d 688, 692 (3d Cir. 1995) (citing Wright v. West, 505 U.S. 277, 293 (1992)) ("[W]hile the Constitution guarantees the right to counsel on direct appeal, it does not guarantee the right to counsel in a habeas petition.").

Colon appears to believe that Martinez holds that a habeas movant has a constitutional right to counsel, but it does not.  Instead, Martinez held only that, when a state requires defendants to raise claims of ineffective assistance of trial counsel in their initial collateral proceedings, a defendant's failure to do so does not preclude a federal habeas court from hearing a claim that trial counsel was ineffective if the defendant did not have counsel or counsel was ineffective in the initial collateral proceeding.  Martinez, 132 S. Ct. at 1320.  Martinez simply did not address whether a federal defendant has the right to counsel on federal habeas review, and thus, did not affect the settled law that there is no Sixth Amendment right to counsel in federal habeas proceedings.

Colon also appears to claim, however, that his § 2255 proceedings were unfair and should be reopened because he was deprived of his statutory right to counsel.  The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes a court to appoint counsel for "any financially eligible person" seeking relief under § 2255 if "the court determines that the interests of justice so require."[3] 18 U.S.C. § 3006A(a)(2); see also Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991) (stating that, there is no general obligation for courts "'to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief'" (quoting Johnson v. Avery, 393 U.S. 483, 488 (1969))), superseded by statute on other grounds by 28 U.S.C. §

---

[3] The rules interpreting the CJA also state that counsel must be appointed in a non-capital habeas proceeding if the district court determines that an evidentiary hearing is required.  See Rule 8(c) of the Rules Governing Section 2255 Proceedings.  However, in Colon's case, we did not hold an evidentiary hearing, so Colon was not entitled to counsel pursuant to this rule.

2254(d).  To determine whether counsel should be appointed, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court."  Reese, 946 F.2d at 263-64.  There is no need for appointed counsel where "the issues [are] 'straightforward and capable of resolution on the record,' or the petitioner [has] a 'good understanding of the issues and the ability to present forcefully and coherently his contentions.'"  Id. at 264 (quoting Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990); and La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987)).

Here, Colon did not request counsel at any point during his post-conviction proceedings. In addition, the issues presented in his § 2255 Motion were straightforward and easily resolved on the record.  Under these circumstances, Colon did not have a statutory right to counsel pursuant to the CJA because the interests of justice did not require that counsel be appointed.

In sum, we conclude that Colon had neither a Sixth Amendment right to counsel nor a statutory right to counsel in his habeas proceedings.  We therefore reject his claim that his habeas proceedings were unfair because he had no legal representation.  Under these circumstances, we conclude that Colon has failed to establish the extraordinary circumstances necessary to support the reopening of his habeas proceedings pursuant to Rule 60(b)(6).  We thus deny this portion of his 60(b) Motion insofar as it seeks such relief.

## III.    MOTION TO AMEND

In his Motion to Amend, Colon seeks leave to amend his § 2255 Motion in order to assert a claim that his counsel was ineffective for failing to argue that his felony drug convictions did not qualify him as an armed career criminal under the ACCA or as a career offender under the Sentencing Guidelines.   The Government moves to dismiss the Motion to Amend as an unauthorized second or successive petition.

A.      Legal Standard

A district court cannot permit amendment of a habeas motion "once judgment has been entered" on that motion.  Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002).  "'[O]nce a judgment is entered the filing of an amendment . . . cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60.'"  Id. at 208 (quoting 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1489, at 692-93 (2d ed. 1990)).  Under the AEDPA, "[a] prisoner receives one complete round of litigation, which as in other civil suits includes the opportunity to amend a pleading before judgment."  Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999) (emphasis added); see also United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000) ("A § 2255 petition provides a federal prisoner the opportunity to seek one full collateral review of his or her conviction and sentence.").  An attempt to amend a § 2255 motion after it has been fully adjudicated should be treated "as a second or successive habeas motion and not as a Rule 15 motion to amend defendant's prior habeas motion."  United States v. Hill, Crim. A. No. 95-412, Civ. A. No. 05-921, 2005 WL 1126952, at *2 (E.D. Pa. May 12, 2005) (citing Johnson, 196 F.3d at 805); see also Johnson, 196 F.3d at 805 ("[A]dditional filings in the first collateral attack may be treated as 'second or successive' petitions when the first has reached a final decision.").

B.      Discussion

In his Motion to Amend, Colon seeks to assert a new ground for habeas relief.  Specifically, he argues that his counsel was ineffective for failing to argue that the Court erred by sentencing him as an armed career criminal or career offender for a slightly different reason from the reason he asserted in his § 2255 Motion.  In his § 2255 Motion, Colon contended that his counsel was ineffective in failing to argue that his prior drug convictions could not be used as the

predicate offenses for sentencing him as an armed career criminal or career offender because his prior convictions involved some unspecified controlled substance instead of heroin, cocaine, or cocaine base. <u>United States v. Colon</u>, 2015 U.S. Dist. LEXIS 88168, at *6-7. We found, however, that the records for Colon's prior felony drug convictions were sufficient to require the application of the ACCA and the career offender Guidelines. <u>Id.</u> at *12-13. We therefore denied Colon's claim that counsel was ineffective for failing to assert this meritless claim. <u>Id.</u> at *12-13. In the instant petition, Colon again challenges the applicability of the sentencing enhancements, but this time contends that his counsel was ineffective for failing to argue that the Court erred by not using the categorical approach to determine whether his state convictions qualified as predicate offenses for the sentencing enhancements. Colon contends that his previous offenses were generic crimes, and that for those offenses to qualify for the sentencing enhancements, they must meet two conditions: (1) the state drug offense "must necessarily proscribe conduct that is an offense under the Federal Controlled Substance Act," and (2) "the Controlled Substance Act must necessarily proscribe felony punishment for that conduct." (Mot. to Amend at 4.)

We grant the Government's Motion to Dismiss Colon's Motion to Amend as a second or successive habeas motion because we find that we do not have jurisdiction to decide Colon's argument on the merits. "A district court lacks jurisdiction to consider a successive § 2255 motion unless it is certified by a panel" of three judges from the relevant Court of Appeals. <u>Pollard v. Yost</u>, 406 F. App'x 635, 637 n.3 (3d Cir. 2011) (citing 28 U.S.C. § 2255(h)). We entered judgment on Colon's § 2255 Motion on July 7, 2015, and, as explained above, we now dismiss his Rule 60(b) Motion in part and deny it in part. We therefore consider his Motion to Amend to be a request to file a second or successive habeas motion that raises new challenges to

his judgment of conviction.  Because Colon has not received authorization to file a second or successive petition from the Third Circuit, we lack jurisdiction to entertain this Motion.  <u>Id.</u> Therefore, we dismiss Colon's Motion to Amend.

## IV.      CONCLUSION

For the foregoing reasons, we grant in part and deny in part the Government's Motion to Dismiss.  Specifically, we grant the Motion to Dismiss insofar as it seeks dismissal of Colon's claim in his Rule 60(b) Motion that he should be allowed to reopen and amend his § 2255 Motion due to mistake, as well as to the extent it seeks dismissal of Colon's Motion to Amend. However, we deny the Government's Motion to Dismiss insofar as it seeks dismissal of Colon's claim in his Rule 60(b) Motion that his habeas proceedings were unfair because he did not have appointed counsel.  Instead, we deny Colon's Rule 60(b) Motion in this regard because Colon has not established extraordinary circumstances justifying relief from judgment on his § 2255 Motion.  An appropriate Order follows.

BY THE COURT:

/s/John R. Padova
_____

John R. Padova, J.